**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MARINE KANCHINYAN and TATEVIK ASATRYAN, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-72837 <br><br> Agency Nos.    A097-887-267 <br>                  A097-887-268 <br><br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 8, 2014
Pasadena, California

Before: THOMAS, M. SMITH, and CHRISTEN, Circuit Judges.

Marine Kanchinyan, a citizen of Armenia, petitions for review of a decision

of the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ)

denial of her applications for asylum, withholding of removal, and protection under

the United Nations Convention Against Torture.  We conclude that substantial

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

evidence does not support the IJ's adverse credibility determination. We therefore grant the petition for review and remand.

First, the IJ's assumptions regarding Kanchinyan's activities in Armenia, and Kanchinyan's motives for coming to the United States, are unfounded. Contrary to the IJ's assessment, nothing in the record suggests that Kanchinyan "constructed" her narrative of persecution in order to "conceal an intention to come to the United States to reside permanently for reasons unrelated to past persecution in Armenia." *See Li v. Holder*, 559 F.3d 1096, 1107 (9th Cir. 2009) (explaining that speculation and conjecture may not form the basis of an adverse credibility determination).

Second, the inconsistencies that the IJ discerned in Kanchinyan's testimony were either illusory, or irrelevant to Kanchinyan's claim of persecution. Contrary to the IJ's conclusion, there is nothing inconsistent about Kanchinyan's remembering having been physically attacked from behind by one person, but believing that more people may also have been present. Likewise, Kanchinyan's testimony regarding threatening phone calls was consistent when considered in its entirety. And any inconsistencies in Kanchinyan's testimony regarding the Armenian Table Tennis Federation do not go to the heart of the claim of persecution. *See Singh v. Gonzales*, 439 F.3d 1100, 1108 (9th Cir. 2006). While

2

the IJ questioned why Kanchinyan would allow her son and husband to remain in Russia, he failed to explain his rejection of Kanchinyan's plausible explanation for doing so. Thus, any perceived inconsistency in this regard does not support the adverse credibility finding. *See Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011).

Third, the IJ's characterization of Kanchinyan's demeanor while testifying about her experience of rape does not support the adverse credibility determination. An IJ's speculation about how a rape victim should behave is inadequate to support an adverse credibility determination. *See Yan Xia Zhu v. Mukasey*, 537 F.3d 1034, 1039–41 (9th Cir. 2008). Moreover, we have previously rejected an IJ's assumption that a rape victim "would necessarily have gone to a doctor," particularly where, as here, the victim gives a plausible explanation for her reluctance to do so. *Id.*

We have reviewed the administrative record, and we conclude that none of the remaining grounds underlying the IJ's adverse credibility determination is supported by substantial evidence. We therefore grant the petition for review, and remand this matter for the agency to determine whether, accepting Kanchinyan's testimony as credible, she is eligible for relief. *See Singh*, 439 F.3d at 1112. In view of this disposition, we need not decide whether the IJ violated due process by

3

supporting his adverse credibility determination with information he gleaned from his own internet search.

**PETITION FOR REVIEW GRANTED; REMANDED.**